JOSEPH ENZENBACHER, Ex'r of the Estate of Mary Enzenbacher, *et al.*, Plaintiffs-Appellants, v. BROWNING-FERRIS INDUSTRIES OF ILLINOIS, INC., *et al.*, Defendants-Appellees.

Second District   No. 2—01—1027

Opinion filed July 18, 2002.—Rehearing denied September 11, 2002.

Clinton A. Krislov, Robert J. Stein III, and William M. Sweetnam, all of Krislov & Associates, Ltd., of Chicago, and Mark T. Schmidt and Lora D. Kadlec, both of Schmidt & Barbrow, P.C., of Wheaton, for appellants.

Fred L. Foreman and Anthony J. Carballo, both of Freeborn & Peters, of

Chicago, and William G. Beck, Alok Ahuja, and Jeffrey M. Russell, all of Lathrop & Gage, L.C., of Kansas City, Missouri, for appellees.

JUSTICE McLAREN delivered the opinion of the court:

This matter comes before the court as an interlocutory appeal brought pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308). In this appeal, plaintiffs seek review of the trial court's order denying their motion for leave to file an amended complaint. The amended complaint sought to maintain the pending cause as a class action. We answer the relevant certified questions presented and remand.

Plaintiffs are owners of residential property neighboring the Mallard Lake Landfill. On September 24, 1997, nine plaintiffs filed suit against Browning-Ferris Industries, the Forest Preserve District of Du Page County, and E&E Hauling, Inc., the owners of the landfill and persons responsible for operating, maintaining, and depositing refuse at the landfill site. The complaint alleged common-law torts of trespass to land and temporary and continuing nuisances to plaintiffs' property arising from dirt, dust, debris, odors, and noise emanating from the landfill.

During the course of discovery, defendants produced a letter of complaint dated May 2, 1998, in which 93 signatories complained of trespass and nuisance to their properties resulting from the landfill. Plaintiffs contend that this letter prompted them to seek leave to file an amended complaint. Although the proposed amended complaint was premised on allegations of trespass and nuisance, as alleged in the original complaint, plaintiffs now sought to pursue the matter as a class action.

The trial court conducted a hearing on plaintiffs' motion for leave to file the amended complaint. The motion was denied based on findings that (1) the claims could not be brought as a class action as a matter of law because property damage claims are too individualized for class treatment; (2) the class allegations were conclusory; and (3) the motion was untimely. Plaintiffs filed a motion to reconsider. The motion was denied. However, the trial court granted plaintiffs leave to file a second motion for leave to amend.

On July 12, 1999, plaintiffs filed a second motion for leave to file an amended complaint. The amended complaint was again styled as a class action and sought certification of the following class of plaintiffs:

"All people owning real property located within or bounding on the following geographic area (the class area), which has been determined by encompassing the complaints made against the landfill: bounded on the north by Lake Street, bounded on the east by Gary Avenue, bounded on the south by the tracks of the Illinois

Central Gulf Railroad, and bounded on the west by County Farm Road, except for the area north of Schick Road, where Morton Road exists, in which case Morton Road shall serve as the west border."

According to the allegations of the proposed amended complaint, the exact number of class members was not known but was believed to exceed 1,000 members. The complaint alleged that all the homeowners in the class area had suffered from diminished enjoyment and value of their properties due to noise, dust, odor, and litter blowing or moving onto their properties from the landfill. In count I, plaintiffs alleged that defendants committed trespass to land due to the blowing and movement of litter, debris, dust, dirt, and noxious odors from the landfill. In counts II and III, plaintiffs alleged a temporary and continuing nuisance.

After a hearing, the trial court again denied plaintiffs leave to amend. The court again determined that the proposed amended complaint was untimely. It further determined that the claims could not be brought as a class action because each parcel of property is unique and, therefore, plaintiffs could not satisfy the element of commonality necessary for certification of the class action.

The trial court granted plaintiffs' motion for certification pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308), finding that answers to the following certified questions of law would materially advance the ultimate termination of the litigation:

"A. Whether the trial [c]ourt erred in determining the issue of commonality without receiving briefing, evidence and argument on the issue of class certification as provided for in the Illinois Code of Civil Procedure[.]

B. Whether the trial court abused its discretion when it refused to consider additional evidence Plaintiffs first submitted in support of a Motion for Reconsideration, based on the court's determination that this material was not 'newly discovered evidence' because it was available at the time of the initial hearing[.]

C. Whether, if the trial [c]ourt misapprehended the law in holding that the 'commonality' requirement could not be met, [it should] have granted leave to file an amended class action complaint where the amendments were sought within a few months after plaintiffs' counsel determined the case should be pursued as a class action and on a schedule set by the court, where the amendments did not add any additional substantive claims, and where the parties were not yet at issue and no depositions had yet been taken[.]

D. Whether the trial court abused its discretion in denying Plaintiffs leave to file an amended complaint, when they did not

seek leave to amend until 18 months after the commencement of this action and where the court determined plaintiffs were aware of facts which would have supported class-action allegations almost one year before they filed suit[.]

E. Whether the trial court abused its discretion when it denied Plaintiffs leave to amend based on the court's determination that the Plaintiffs could not proceed as a class on their claims that the landfill was a nuisance and that the landfill's operations caused trespasses on their property[.]''

■ Section 2—801 of the Code of Civil Procedure (Code) addresses class action complaints and contains the following prerequisites for the maintenance of a class action:

"An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:

(1) The class is so numerous that joinder of all members is impracticable.

(2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3) The representative parties will fairly and adequately protect the interest of the class.

(4) The class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2—801 (West 2000).

The trial court gave two reasons for denying plaintiffs' motion for leave to file the amended complaint. First, although defendants acknowledged that the statute of limitations would not bar a separate class action suit arising from the same facts, the trial court found that the motion for leave to amend was untimely. Second, even though a class action complaint was not even on file, the trial court found that the proposed action could not be maintained as a class action because each parcel of land was unique and plaintiffs would not be able to meet the commonality requirement necessary for class certification.

■ Obviously, a class action complaint must be filed in order to proceed with a class action suit. Once a complaint is filed, section 2—801 of the Code, set forth above, contains very specific requirements that must be satisfied before the trial court certifies the class and finds that the action may proceed as a class action. One of those issues is commonality.

Nevertheless, the trial court treated the motion for leave to amend as a motion for class certification. In denying leave to amend, the trial court considered the merits of plaintiffs' case and prejudged issues that would have been properly presented and considered in a motion

for class certification only after the complaint was on file. The issue of commonality, which the trial court found could not be satisfied, was not properly before the court at the time it denied plaintiffs leave to amend.

The appropriate way to determine whether to certify a class is by a motion for class certification. At the time such a motion is presented for hearing, the trial court may consider any matters of law or fact properly presented by the record, including pleadings, depositions, affidavits, answers to interrogatories, and any evidence adduced at hearing on the motion. See *Brown v. Murphy*, 278 Ill. App. 3d 981, 989 (1996).

At the time plaintiffs' motion for leave to amend the complaint was denied, the parties had not presented any evidence concerning the issue of commonality, as it was not an issue properly before the court. For these reasons, we respond "yes" to certified question A. The trial court erred in determining the issue of commonality.

Certified questions C, D, and E each address the issue of whether the trial court erred in denying plaintiffs leave to amend the complaint. Questions C and D address the timing of the motion for leave to amend, and question E, although presented as a question of law, addresses the issue of whether the trial court correctly found that plaintiffs could not proceed as a class on their claims that the landfill was a nuisance and that its operations caused trespasses on their properties.

We first address the issue of the timing of the proposed amended complaint. While the Code sets forth requirements for maintaining a class action suit, it does not provide any specific limitations period for bringing suit as a proposed class. Likewise, it does not contain any restrictions concerning amendments to existing complaints to add class action allegations.

■ Section 2—616(a) of the Code contains the following provisions applicable to amended pleadings:

> "At any time before final judgment amendments may be allowed on just and reasonable terms, introducing any party who ought to have been joined as plaintiff or defendant, dismissing any party, changing the cause of action or defense or adding new causes of action or defenses, and in any matter, either of form or substance, in any process, pleading, bill of particulars or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought or the defendant to make a defense or assert a cross claim." 735 ILCS 5/2—616(a) (West 2000).

■ Section 2—616(b) addresses the timing of amended pleadings as follows:

> "The cause of action, cross claim or defense set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted, or the defense or cross claim interposed in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery or defense asserted, if the condition precedent has in fact been performed, and for the purpose of preserving the cause of action, cross claim or defense set up in the amended pleading, and for that purpose only, an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended." 735 ILCS 5/2—616(b) (West 2000).

Defendants concede that the statute of limitations applicable to the proposed class action complaint seeking damages for trespass and nuisance caused by the landfill while in operation does not bar the proposed amended complaint. See 735 ILCS 5/13—205 (West 2000). Likewise, defendants concede that the statute of limitations would not bar plaintiffs from filing a separate class action suit arising out of the same set of facts as set forth in the original complaint and voluntarily dismissing the underlying suit if a motion for class certification was granted. Yet, defendants vigorously contend that the trial court properly denied leave to amend the complaint because the motion was untimely. Defendants assert that plaintiffs knew sufficient facts at the time of the initial filing to bring suit as a class action and that their failure to do so until two years later precludes their attempt to amend. In support of this proposition, defendants cite this court's opinions in *Trans World Airlines, Inc. v. Martin Automatic, Inc.*, 215 Ill. App. 3d 622 (1991), and *Ray Dancer, Inc. v. DMC Corp.*, 230 Ill. App. 3d 40, 48 (1992). Although this court held in both cases that the trial court did not abuse its discretion in denying leave to amend a complaint, the cases are distinguishable.

In *Trans World Airlines*, the plaintiff sought to amend a complaint to add two new causes of action six years after the initial filing and on the eve of trial. Not only did we consider the extreme time lapse in affirming the denial of leave to amend but also we considered that the

allegations in the proposed complaint were specious. See *Trans World Airlines*, 215 Ill. App. 3d at 628. Similarly, in *Ray Dancer*, our affirmance of the trial court's order denying leave to amend the complaint was based not on the timing but instead on the fact that the allegations set forth in the proposed amended counts failed to contain sufficient facts and did not cure the defects noted in the prior complaint. See *Ray Dancer*, 230 Ill. App. 3d at 48-49.

Here, unlike *Trans World Airlines* and *Ray Dancer*, plaintiffs' proposed amended complaint did not seek to correct a factually deficient complaint or add new legal theories. Instead, the proposed complaint sought to add new plaintiffs by bringing suit as a class action.

█ In determining whether to grant leave to amend, the trial court should consider the following four factors: (1) whether the proposed amendment would cure the defective pleading; (2) whether other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleading could be identified. *Loyola Academy v. S&S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 276 (1992). One rationale expressed by the court for denying leave to amend in the case before us was the timing. The proposed complaint did not change or add to the legal theories asserted in the prior complaint. Instead, the complaint sought to add plaintiffs. Since the statute of limitations applicable to the causes of action asserted in the proposed amended complaint had not run at the time plaintiffs sought leave to amend, the proposed amendment was not untimely simply because it was brought 18 months after the original suit was filed. We fail to see how a complaint that could be brought by any member of the purported class within the statute of limitations could be deemed untimely based merely on the passage of time when brought by these plaintiffs. In other words, if an original cause could have been brought, it would follow that an amendment comprising the same cause would be no less timely.

Timing is not the only factor the court should consider in determining whether to grant leave to amend. As set forth in *Loyola Academy*, the trial court should also consider whether other parties would be prejudiced by the proposed amendment. Although oral discovery had not even begun, defendants contend that pursuit of the case as a class action would complicate and delay the case and force defendants to reassess their litigation strategy. Undoubtedly, any matter pursued as a class action is more time consuming and complicated and magnifies the scope of the litigation. However, the fact that defendants may be required to litigate a class action that was not

originally filed in this fashion does not outweigh the interests of the potential class members who would be prejudiced if the proposed amendment was denied, particularly when the statute of limitations has not run.

■ We will not engage prematurely in a factual review of whether the trial court properly determined that plaintiffs could not satisfy the element of commonality, as set forth in certified question C, or whether plaintiffs were aware of facts to support class action allegations one year before they filed suit, as set forth in certified question D, as these are not questions of law properly addressed on an interlocutory appeal brought pursuant to Supreme Court Rule 308 and are the proper subject of motions and hearings not yet heard by the trial court. 155 Ill. 2d R. 308. However, we answer "yes" to the portion of certified question C concerning whether the trial court abused its discretion in denying leave to amend based on timing when the proposed amendments did not add any additional substantive claims, the parties were not yet at issue, no depositions had been taken, and the statute of limitations had not run. We also answer "yes" to the portion of certified question D concerning whether the trial court abused its discretion in denying leave to amend the complaint based on the timing.

■ Certified question E inquires whether the trial court abused its discretion in denying leave to amend based on its determination that plaintiffs could not proceed as a class on allegations premised upon nuisance and trespass. Again, in deciding the motion for leave to amend the complaint, the trial court considered issues that were not properly before the court. When ruling on a motion for leave to amend to add a class action count, it is improper for the trial court to prejudge the merits of the proposed complaint without a pending motion to dismiss the complaint. In our opinion, the trial court abused its discretion in denying leave to amend based on a finding that plaintiffs could not proceed as a class on claims for nuisance and trespass, as this issue was not properly before the court and would appropriately be determined at the time plaintiffs sought class certification. Therefore, we respond "yes" to certified question E.

Based on our responses to certified questions A, C, D, and E, we deem it is unnecessary to address certified question B, except to indicate that the question presumes the procedural history of this cause is correct. Because the procedural history is flawed, the perspective of "newly discovered evidence" is also flawed and is not material to the correct procedure described in this opinion.

The certified questions of the circuit court of Du Page County are answered, and we remand this cause to the circuit court of Du Page

1088

County for further proceedings in conformance with the opinion of this court.

Certified questions answered; cause remanded.

BOWMAN and GROMETER, JJ., concur.