Shahir SELIM, Plaintiff,

v.

PAN AMERICAN AIRWAYS CORP., a New Hampshire corporation, Defendant.

No. 03–60132–CIV.

United States District Court, S.D. Florida.

March 25, 2003.

William Hoffman Pincus, William H. Pincus, Attorney at Law, West Palm Beach, FL, for Shahir Selim, plaintiff.

Edward L. Artau, Marks & Artau, Boca Raton, FL, for Pan American Airways Corp., defendant.

### ORDER ON PLAINTIFF'S OPPO-SITION TO REMOVAL/MO-TION TO REMAND

GOLD, District Judge.

THIS CAUSE is before the Court on Plaintiff's Opposition to Removal/Motion to Remand (DE #9), filed on February 11, 2003. Defendant filed a Response (DE #12) on February 28, 2003, and Plaintiff filed a Reply (DE #14) on March 17, 2003.

Plaintiff Shahir Selim ("Selim"), a pilot of Egyptian and Arab descent and a resident of the State of Florida, filed a three count Complaint in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida on December 30, 2002. In his Complaint, Selim alleges three state law claims: (1) violation of Chapter 760 of the Florida Statutes (The Florida Human Rights Act); (2) a separate and additional violation of Chapter 760; and (3) violation of the Florida Whistle-Blower Act. In its Notice of Removal (DE #1), Defendant Pam American Airways Corp. ("Pan Am") asserts that this Court has jurisdiction because the Complaint "on its face raises a federal question" and because the Complaint alleges diversity jurisdiction. (Notice of Removal ¶5). First, Pan Am states in its Notice of Removal that Plaintiff's allegations "impinge on Federal Aviation Administration rules and regulations for airline pilots" and that "all such employees are subject to the Railway Labor Act which preempts actions of this kind." (*Id.* ¶10). Second, Pan Am asserts that the Complaint "also *alleges* complete diversity between the parties" and that diversity jurisdiction exists under 28 U.S.C. § 1332. (*Id.* ¶12) (emphasis original). Pan Am apparently places emphasis on the word "alleges" because in its Notice of Removal it states that it is in fact a Florida corporation with its principal place of business in New Hampshire, while Selim's Complaint states that Defendant is a New Hampshire corporation doing business in the State of Florida. In its Motion to Remand, Selim claims that his reference to Pan Am's state of incorporation was an error, and that "Defendant is, in fact, a Florida corporation as Defendant acknowledges in its own Notice of Removal" thus precluding diversity jurisdiction.

In his Opposition to Removal/Motion to Remand, Selim argues (1) diversity jurisdiction pursuant to 28 U.S.C. § 1332 does not exist; and (2) Defendant has not established complete preemption through any federal statutes supporting removal of Plaintiff's state law claims.

## I. Standard of Review

 The Eleventh Circuit has stated that a "defendant may remove a case to federal court only if the district court would have had jurisdiction over the case had the case been brought there originally. Federal district courts, of course, have original jurisdiction over diversity cases [pursuant to 28 U.S.C. § 1332] and matters arising under federal law [pursuant to 28 U.S.C. § 1331]." *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998). Moreover, "[u]nder the 'well-pleaded complaint' rule, a case does not arise under federal law unless a federal question is presented on the face of plaintiff's complaint." *Id.* (citations omitted). "Because the well-pleaded complaint rule requires a federal question to appear on the face of the plaintiff's complaint, a defense presenting a federal question-even a valid one-cannot create removal jurisdiction." *Id.* (citations omitted). However, the "doctrine of 'complete preemption' or 'super preemption' . . . qualifies the general well-pleaded complaint rule. Where Congress preempts an area of law so completely that any complaint raising claims in that area is necessarily federal in character, super preemption applies, and federal jurisdiction exists, even if the face of the complaint does not plead federal claims." *Id.* (citations omitted).

 Finally, "[t]he burden of proving any jurisdictional fact rests upon the party seeking to invoke the jurisdiction of the federal courts. In removal cases, therefore, this burden rests on the defendant." *See Pease v. Medtronic,* 6 F.Supp.2d 1354,

1356 (S.D.Fla.1998) (citing *Fowler v. Safeco Ins. Co. of America,* 915 F.2d 616, 617 (11th Cir.1990)). In addition, "[i]n reviewing matters concerning removal and remand," it is "axiomatic that ambiguities are generally construed against removal." *Whitt,* 147 F.3d at 1329 (citation omitted).

## II. Analysis

### (A) Diversity Jurisdiction

 As noted above, Pan Am alleges that diversity jurisdiction exists because the Complaint alleges that Defendant is a New Hampshire corporation and Plaintiff is a resident of Florida. Pan Am also asserts that the amount in controversy exceeds the jurisdictional minimum. In its Notice of Removal, however, Pam Am states that it is a Florida corporation, with its principal place of business in Portsmouth, New Hampshire. (Notice of Removal ¶ 3).

Plaintiff attributes the allegation in its Complaint that Defendant is a New Hampshire corporation to a scrivener's error, and argues that Defendant's status as a Florida corporation precludes removal on diversity grounds. In its Response, Defendant does not include a section under its arguments addressing diversity jurisdiction, and instead argues that Plaintiff's Motion to Remand should be denied because federal question jurisdiction exists on the grounds of preemption.

28 U.S.C. § 1441(b) precludes removal in diversity cases if a defendant is a citizen of the state in which the action is brought, and 28 U.S.C. § 1332(c) deems a corporation a citizen of its state of incorporation and of the state where it has its principal place of business. The Eleventh Circuit has recognized that a corporation is a citizen of the state in which it is incorporated and the state where it has its principal place of business. *See Bel–Bel Int'l Corp. v. Community Bank of Home-*

*stead,* 162 F.3d 1101, 1106 (11th Cir.1998); *Fritz v. American Home Shield Corp.,* 751 F.2d 1152, 1153 (11th Cir.1985) ("Thus, the statute [28 U.S.C. § 1332(c) ] furnishes a dual base for citizenship: place of incorporation and principal place of business."). Based on Defendant's statement regarding its citizenship in its Notice of Removal and Plaintiff's statement that the allegations in his Complaint concerning Plaintiff's citizenship were a scrivener's error, it is clear that diversity jurisdiction does not exist in this case because complete diversity does not exist. Moreover, the Court notes that in its Notice of Removal Defendant placed emphasis on the word "alleges" in referencing the Complaint's allegations regarding Defendant's citizenship, apparently because Defendant is aware of the contradiction between the Complaint and the Notice of Removal. In addition, the Court notes that Defendant did not address the subject of diversity jurisdiction in its Response to Plaintiff's Motion to Remand, but instead relied on federal question jurisdiction to support removal. The Court will not claim to exercise diversity jurisdiction over a matter where such jurisdiction clearly does not exist, merely due to an error by Plaintiff. Accordingly, the Court concludes that diversity jurisdiction cannot be a basis of Defendant's removal of this case from state court.

**(B) Whether Federal Question Jurisdiction Exists on the Grounds of Complete Preemption**

Given the Court's conclusion that diversity jurisdiction is not present in this case, the only remaining issue in adjudicating Plaintiff's Motion to Remand is whether federal question jurisdiction exists on the grounds of complete preemption.

 Plaintiff's Complaint alleges three state law claims. As noted earlier, "[u]nder the 'well-pleaded complaint' rule, a case does not arise under federal law unless a federal question is presented on the face of plaintiff's complaint." *Whitt,* 147 F.3d at 1329 (citations omitted). "Because the well-pleaded complaint rule requires a federal question to appear on the face of the plaintiff's complaint, a defense presenting a federal question-even a valid one-cannot create removal jurisdiction." *Id.* (citations omitted). However, the "doctrine of 'complete preemption' or 'super preemption' ... qualifies the general well-pleaded complaint rule. Where Congress preempts an area of law so completely that any complaint raising claims in that area is necessarily federal in character, super preemption applies, and federal jurisdiction exists, even if the face of the complaint does not plead federal claims." *Id.* (citations omitted).

In its Notice of Removal, Defendant initially asserts that airline pilots are subject to the Railway Labor Act, 45 U.S.C. § 151, *et seq.* ("RLA"), which preempts actions of this kind. (Notice of Removal ¶ 10). The Eleventh Circuit, however, recently held that "the doctrine of complete preemption does not apply to the RLA." *Geddes v. American Airlines, Inc.,* 321 F.3d 1349, 1356 (11th Cir.2003) (noting "the Supreme Court's reluctance to find complete preemption").

In its Response, Defendant subsequently appears to abandon its argument that the Railway Labor Act completely preempts this action, and instead relies on the Airline Deregulation Act, 49 U.S.C. § 41713(b) ("ADA"), to establish complete preemption. § 41713(b) of the ADA states that "[e]xcept as provided in this subsection, a State, political subdivision of a State, or political authority of at least 2 States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this sub-

part." *Id.* Defendant argues that the language "having the force and effect of law related to a price, route, or service of an air carrier" completely preempts actions alleging discrimination based on state law.

■ The Eleventh Circuit has addressed the distinction between "ordinary preemption" and "complete preemption." In *Geddes,* at 1352, the Eleventh Circuit stated that "ordinary preemption" may be asserted as an affirmative defense in either state or federal court, but does not form the basis for removal jurisdiction. *Id.* (stating "a case may *not* be removed to federal court on the basis of a federal defense, including that of federal preemption") (emphasis original). On the other hand, "complete preemption" is a "narrowly drawn jurisdictional rule for assessing federal removal jurisdiction when a complaint purports to raise only state law claims." *Id.* Complete preemption "transforms" a state claim into one "arising under federal law" and therefore creates the basis for removal jurisdiction pursuant to federal question jurisdiction. *Id.*

Therefore, Defendant's argument rests on the Court finding that the ADA is of such "extraordinary preemptive force" so as to transform Plaintiff's state law claims into claims arising under federal law sufficient to provide a basis for removal. *Id.* As Plaintiff correctly points out, however, complete preemption is rare. The Eleventh Circuit has noted that "the Supreme Court has revisited the complete preemption doctrine only sparingly" and has not found complete preemption outside of two federal acts: the Employee Retirement Income Act ("ERISA") and the Labor Management Relations Act ("LMRA"). *Smith v. GTE Corp.,* 236 F.3d 1292, 1311 (11th Cir. 2001) ("Similarly, this Court has yet to find complete preemption outside the context of the LMRA and ERISA."); *see also BLAB T.V. of Mobile, Inc. v. Comcast Cable Comm., Inc.,* 182 F.3d 851, 856 (11th Cir.1999) ("[A]lthough the Supreme Court recognizes the existence of the complete preemption doctrine, the Court does so hesitatingly and displays no enthusiasm to extend the doctrine into areas of law beyond the LMRA and ERISA."). In *Geddes,* in which the Eleventh Circuit reversed the district court's finding that the Railway Labor Act was of complete preemptive force, the Eleventh Circuit also noted that it has never found complete preemption in any other federal act. *Geddes,* at 1353 ("The Supreme Court and this Circuit have found complete preemption only under section 301 of the Labor Management Relations Act and section 502 of the Employee Retirement Income Act.").

Defendant has presented no authority binding on this Court concluding that the ADA or any other federal statute applicable to this action completely preempts state law claims to support removal jurisdiction, nor has Defendant presented arguments sufficient to counter the Eleventh Circuit and Supreme Court precedent discussed above. Finally, the Court will deny Plaintiff's request for attorneys' fees because it has not sufficiently established that any such award would be justified under the law. Accordingly, it is hereby:

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion to Remand (DE # 9) is GRANTED.

2. This case is REMANDED to the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida.

3. Plaintiff's request for attorneys' fees is DENIED.

4. All pending motions in this case are DISMISSED, AS MOOT.

5. This case is CLOSED in the U.S. Southern District of Florida given that the

Court GRANTS Plaintiff's Motion to Remand.