# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 05-8019

GEORGE and RUTH SCHILLINGER,

*Respondents*,

*v.*

UNION PACIFIC RAILROAD COMPANY
and UNION PACIFIC CORPORATION,

*Petitioners.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 05-cv-0437—**Michael J. Reagan**, *Judge.*

SUBMITTED AUGUST 11, 2005—DECIDED OCTOBER 5, 2005[Œ]

Before POSNER, KANNE, and WOOD, *Circuit Judges.*

WOOD, *Circuit Judge.* Union Pacific Railroad Company and Union Pacific Corporation removed this suit to federal court, invoking the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005) (CAFA). The district court remanded after determining that the case formally began before CAFA's effective date of February 18, 2005, and thus was not subject to the Act. The companies acknowledge that the suit predates CAFA, but they argue that two developments that post-date CAFA have changed

---

[Œ] This Opinion was originally released in typescript form.

the case so profoundly that they may now remove it: the addition of a new defendant, and the expansion of the class definition. Because we agree with the district court's conclusions that the apparent naming of a new defendant in plaintiff's amended complaint was a scrivener's error and that the expansion of the class was not significant enough to create a new claim or new action, we deny the petition for permission to appeal.

**I**

This case began on June 7, 2002, when George and Ruth Schillinger sued Union Pacific Corporation (UPC) and Union Pacific Railroad Company (UPRR) in state court. The Schillingers contended that the companies, which allegedly had a right-of-way on plaintiffs' land, committed trespass and were unjustly enriched when they leased space on the land to telecommunications providers. The complaint proposed a class of Illinois landowners who also allegedly had been harmed by the companies' use of rights-of-way belonging to the class members.

Both companies, represented by the same lawyer, re-moved the case to the District Court for the Southern District of Illinois, invoking the general removal author-ity of 28 U.S.C. § 1441. Although the parties were diverse (the Schillingers are citizens of Illinois, UPC is incorporated in Utah and has its principal place of business in Nebraska, and UPRR is incorporated in Delaware and has its principal place of business in Nebraska), the district court concluded that the amount in controversy did not exceed $75,000. See 28 U.S.C. § 1332. It also rejected the defendants' argument that federal question jurisdiction existed because the putative class members' rights could be determined only by reference to the federal rights-of-way. The district court accordingly remanded the case to state court based on the lack of federal jurisdiction. See 28 U.S.C. § 1447(c). Back in

state court, plaintiffs realized that UPC did not operate a railroad or own any rights-of-way and voluntarily dismissed UPC from the case.

In May 2003 the Schillingers moved to amend their complaint, attaching a copy of the proposed amended complaint to the motion. The amended complaint expanded the proposed class of plaintiffs to include property owners nationwide who owned land over which UPRR had a right-of-way. Although UPC had already been dismissed, the motion to amend and the proposed amended complaint listed both UPRR and UPC as defendants. Plaintiffs and UPRR briefed the motion, arguing only the merits of expanding the class definition. Neither party addressed the fact that UPC shows up in the amended complaint's caption and was mentioned in the allegations. In fact, it appears that UPC was never served with a copy of the amended complaint, though it probably had actual notice of the complaint through its common lawyer with UPRR.

Before the state court ruled on the motion to amend the complaint, it stayed proceedings pending resolution of another case. When the litigation resumed in 2005, the parties continued to debate the merits of the motion to amend, filing supplemental briefs and orally arguing. Again, neither party commented on the inclusion of UPC in the proposed amended complaint.

In May 2005 the state court granted the motion to amend and the clerk of court filed the amended complaint that was attached to the 2003 motion. The clerk stamped the amended complaint with a May 2005 filing date. Plaintiffs mailed a copy of the filed amended complaint to counsel for UPRR. UPRR and UPC together then removed the case again to the federal district court.

## II

We address first the companies' contention that the addition of a new defendant—in this case the apparent reinstatement of UPC as a defendant—must be treated as the commencement of a new action for purposes of CAFA. The companies correctly observe that in general, "a defendant added after February 18 [2005] could remove because suit *against it* would have been commenced after the effective date[.]" *Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 749 (7th Cir. 2005). See also *Knudsen v. Liberty Mutual Ins. Co.*, 411 F.3d 805, 807 (7th Cir. 2005).

The problem for the companies here is that the district court found, in effect, that UPC was never really brought back into the case, when it concluded that the inclusion of UPC as a defendant in the amended complaint was a scrivener's error. We review the district court's finding with deference, see *Sparrow v. Heller*, 116 F.3d 204, 206 (7th Cir. 1997), and there is ample support in the record for the district court's determination. The Schillingers did not discuss the addition of UPC in their motion to amend or supporting memorandum, nor did they serve UPC with a copy of either the motion to amend or the filed amended complaint. Most importantly, plaintiffs' counsel filed an affidavit in which he explained that his staff used the original complaint as a word processing template in drafting the amended complaint and failed to notice that this resulted in the incorporation of the old caption and introductory allegations into the amended complaint. The district court acted within its discretion in finding that UPC's inclusion in the amended complaint was a clerical error, that plaintiffs had no intention of bringing UPC back into the litigation, and that UPC was in fact not a new party to the suit.

This case should not come to federal court if the only ground for jurisdiction is a clerical error, however careless.

Consider if the district court had allowed plaintiffs to amend their complaint to correct the error by removing UPC from the allegations, as it surely could have done. See FED. R. CIV. P. 15(a), 60(a). In all likelihood, the court would have been required to remand at that point. When a plaintiff amends his complaint after removal in a way that destroys diversity, a district court must consider the reasons behind the amendment in determining whether remand is proper. If the plaintiff amended simply to destroy diversity, the district court should not remand. See CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3723, at 591 (1998 and Supp.) (citing district court cases). But an amendment that is made for legitimate purposes may be a proper ground for a remand to state court. See *id.* at 592 ("[T]he court will take account of whether the plaintiff has been dilatory or is trying to destroy diversity, whether the plaintiff will be significantly disadvantaged if the amendment is not allowed, and whether remanding the action to state court will prejudice the defendant."); see also *Costain Coal Holdings, Inc. v. Resource Inv. Corp.*, 15 F.3d 733, 734-35 (7th Cir. 1994) (directing district court to remand case to state court after indispensable party intervened destroying diversity). The correction of a clerical mistake falls into the latter category, and the district court would properly have granted a motion to remand if plaintiffs had amended their complaint to correct the mistake. It is a short step from that to the conclusion that the district court correctly held that jurisdiction is defeated if one of the pleading elements necessary to establish jurisdiction is a scrivener's error. *Cf. Selim v. Pan American Airways Corp.*, 254 F. Supp.2d 1316, 1319 (S.D. Fla. 2003) (refusing to exercise diversity jurisdiction over a matter "where such jurisdiction clearly does not exist, merely due to an error by Plaintiff.").

Even if the inadvertent inclusion of UPC does not support

CAFA removal here, the companies argue that the expansion of the proposed class does so. After the amendments to the complaint, however, this suit is still between the Schillingers and others similarly situated (whomever that may turn out to include) and UPRR, and it concerns the same claim alleged in the original complaint. As *Schorsch* explains, the expansion of a proposed class does not change the parties to the litigation nor does it add new claims. 417 F.3d at 750.

Recognizing that plaintiffs' amendment did not add any parties or add a new claim, the companies contend instead that the expansion was a "step sufficiently distinct that courts would treat it as independent for limitations purposes" and accordingly it commenced a new piece of litigation under CAFA. See *Knudsen*, 411 F.3d at 807. This is the same argument that Hewlett-Packard advanced and this court rejected in *Schorsch*. In that case, plaintiff expanded the proposed class from consumers of one computer-printer product that contained an allegedly faulty chip to consumers of two other computer-printer products that contained the same allegedly faulty chip. The original complaint furnished Hewlett-Packard with the information necessary to defend against the amended complaint, this court held, and as a result the amendment would relate back to the original complaint for Illinois statute-of-limitation purposes. This also implies that the amendment did not commence a new action under CAFA. *Schorsch*, 417 F.3d at 750-51.

We acknowledge that the Schillingers' expansion of the class (if successful) may have greater repercussions for UPRR than Hewlett-Packard potentially faced in its litigation. If plaintiffs' nationwide class is eventually certified, UPRR will have more rights-of-way to research and more state laws under which to analyze various claims than if it was facing only a class of Illinois plaintiffs. But, as we explained in *Schorsch* and *Knudsen,* the poten-

tial for a larger amount of legal research and discovery in and of itself is not a significant enough step to create new litigation.

There is another potential reason why the changes here may not have been enough to qualify as the "commencement" of a new action for CAFA. Illinois law governs the statute of limitations in the trespass action. In determining whether an amended complaint meets the statute-of-limitations deadline, Illinois courts look to the date plaintiffs filed their motion to amend the complaint rather than the date the trial court grants the motion and files in the pleading. See, *e.g.*, *Enzenbacher v. Browning-Ferris Ind. of Ill., Inc.*, 774 N.E.2d 858, 864 (Ill. App. Ct. 2002); *Onsite Engineering & Management, Inc. v. Illinois Tool Works, Inc.*, 744 N.E.2d 928, 933 (Ill. App. Ct. 2001). The logic underlying this practice is that defendants are on notice of the amendment when the motion is filed and it would be unfair to plaintiffs if a trial court waited months or years to rule. See generally *Moore v. State of Ind.*, 999 F.2d 1125, 1131 (7th Cir. 1993) ("As a party has no control over when a court renders its decision regarding the proposed amended complaint, the submission of a motion for leave to amend, properly accompanied by the proposed amended complaint that provides notice of the substance of those amendments, tolls the statute of limitations, even though technically the amended complaint will not be filed until the court rules on the motion.").

It is not clear whether this state practice would govern federal procedure in the circumstances presented here. On the one hand, in cases for which state law provides the rule of decision, federal courts apply state statutes of limitations, including qualifications on those statutes. See, *e.g.*, *Walker v. Armco Steel Corp.*, 446 U.S. 740, 751 (1980). On the other hand, federal courts have their own rules governing when an action is "commenced" for federal procedural purposes. See FED. R. CIV. P. 3. If Illinois regarded the new

claims as "commenced" against UPRR back in 2003, then UPRR had notice of their existence at that time for purposes of the ongoing state court action. The district court's earlier decision that there was no jurisdiction had nothing to do with the existence (or nonexistence) of UPC as a party, and thus the amendment would not have prompted a new removal effort under the normal rules of 28 U.S.C. § 1446. There is a reasonable argument for saying that the operative events here all occurred before CAFA's effective date, regardless of the fact that the formal acceptance of the amended pleading took place after CAFA was available. If so, then this is an independent reason why UPRR's current effort to remove cannot succeed.

We recognize, however, that this is a complex question. CAFA may make state rules about statutes of limitations irrelevant to the type of commencement that is necessary for federal removal. CAFA permits a class action to be removed "in accordance with [28 U.S.C.] section 1446 . . . ." It defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure . . . ." 28 U.S.C. § 1332(d)(1)(B). The date of filing, in the context of an amended pleading, may refer to the date when the court accepts a proposed amendment, not the date when the amendment is proffered. If, therefore, contrary to our finding above, the amendment here was enough to make this a new case for CAFA purposes, then UPRR may have been entitled to rely on the date when the amendment was finally accepted by the state court. We prefer to save this complex issue for another day, when the choice of law and interpretation of federal law will govern the outcome.

### III

The district court correctly held that this case was commenced before CAFA's enactment. Neither the scrivener's error that purported to add UPC as a "new" party nor the expanded class definition changed the case sufficiently to change that fact. Accordingly, the petition for permission to appeal is DENIED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*