United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 6, 2006**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

_____

m 06-30088

_____

PAMELA BRAUD; IBRAHIM AUTAMARI; NICOLE CALVIN; DAVID JACKSON; DJUANNA KNAPPER; DERRYL DUNN, SR.; TROY LAMBERT, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED;

Plaintiffs-Appellees,

VERSUS

TRANSPORT SERVICE COMPANY OF ILLINOIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana

_____

Before SMITH, GARZA, and PRADO,
  Circuit Judges.

JERRY E. SMITH, Circuit Judge:

This case presents an issue of first impression for this court: whether amending a complaint to add a defendant "commences" a new suit under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, 119 Stat. 4. We answer in the affirmative and, for that reason, we reverse the district court's order of remand, and we remand to that court for further proceedings..

## I.

On August 30, 2004, Pamela Braud and certain other plaintiffs (the "Braud plaintiffs") filed a "Class Action Petition for Damages" in state court. On April 8, 2005, the Braud plaintiffs amended their petition to name as an additional defendant Ineos Americas, LLC ("Ineos"), which plaintiffs contend was the owner and co-shipper of the chemical that allegedly spilled. Ineos was served with the original and supplemental class action petition on April 19, 2005.

On May 19, 2005, Ineos timely removed the action to federal court, basing removal jurisdiction on CAFA. The Braud plaintiffs are citizens of Louisiana, and Ineos is a foreign corporation authorized to do business in Louisiana.

On June 17, 2005, the Braud plaintiffs moved to remand to state court, and on July 12, 2005, they filed a purported unopposed motion to dismiss Ineos. By order entered on December 9, 2005, the district court remanded, finding that CAFA does not apply because the Braud plaintiffs had filed their initial complaint before CAFA's effective date, despite the fact that Ineos was not named as a defendant until after the effective date, which is February 18, 2005. Transport Service Company of Illinois ("Transport"), pursuant to 28 U.S.C. § 1453(c), filed on December 16, 2005, a timely application for leave to appeal,[1] which we granted on January 27, 2006.[2]

## II.

Section 9 of CAFA provides that "[t]he amendments made by this Act shall apply to any civil action commenced on or after the date of enactment of this Act." 119 Stat. at

[1] CAFA's interlocutory appeal provision permits a court of appeals to "accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not less than 7 days after entry of the order." 28 U.S.C. § 1453(c)(1) (2005 Supp.). This provision creates an exception to the general rule that remand orders are not appealable. *See Patterson v. Dean Morris, L.L.P.*, No. 06-30215, 2006 U.S. App. LEXIS 7174, at *2-*3 (5th Cir. Mar. 22, 2006).

[2] CAFA, in 28 U.S.C. § 1453(c)(2), provides that once we accept an appeal, we must "complete all action . . . not later than 60 days after the date on which such appeal was filed, unless an extension is granted under paragraph (3)." Section 1453(c)(3)(B), in turn, allows us to grant an extension of the 60-day period for up to 10 days "for good cause shown and in the interests of justice." By order of March 7, 2006, we granted plaintiffs' motion for a 10-day extension of the final disposition date to April 7, 2006.

Our disposition thus meets CAFA's requirement of expedited consideration. The period for consideration of an appeal is measured from the date (January 27) on which we granted the application for leave to appeal. *Patterson*, 2006 U.S. App. LEXIS, at *5-*10. The 70th day after January 27 is April 7.

14. To determine whether a lawsuit was commenced on or after February 18, 2005, the district court relied on Federal Rule of Civil Procedure 3, which, as plaintiffs correctly point out, reads that "[a] civil action is commenced by filing a complaint with the court." Despite the logical of this argument, the courts of appeals that have examined the issue have unanimously held that when a lawsuit is initially "commenced" for purposes of CAFA is determined by state law.[3] We agree.

As the court in *Bush* explained, CAFA broadens diversity jurisdiction for certain qualifying class actions and authorizes their removal, and thus, "given its context, CAFA's 'commenced' language surely refers to when the action was originally commenced in state court." *Bush*, 425 F.3d at 688. Furthermore, when an action is commenced in state court is determined based on the state's own rules of procedure.[4] In most states "commencement"

occurs either when the suit is filed or when the complaint or summons is served, but in Connecticut the action commences by service.[5] In Louisiana, a suit is commenced by filing of a pleading presenting the demand to a court of competent jurisdiction. LA. C.C.P. art. 421. Therefore, the Braud plaintiffs' original action commenced on August 30, 2004.

A distinct issue, however, is whether an amendment of the complaint through the addition of a new defendant "commences" a new suit for purposes of CAFA. The defendants urge us to employ the reasoning of *Knudsen I*, 411 F.3d at 807, and *Schillinger v. Union Pac. R.R.*, 425 F.3d 330 (7th Cir. 2005), to hold that the post-CAFA amendment of a pre-CAFA complaint by adding a new defendant "commences" a new suit. Plaintiffs respond that (1) CAFA was not meant to be retroactive; (2) *Knudsen I* is inapposite, and any language that may support appellants' position is "mere dicta;" (3) even applying *Knudsen I*'s reasoning, no new suit would commence here, because the addition of Ineos "related back" to the original complaint; and (4) in any event, Ineos's dismissal after removal and before the ruling on the motion to remand ousted the court of subject matter jurisdiction.

### A.
Plaintiffs' argument regarding "retroactivity" is without merit. Although CAFA is meant to apply only to suits "commenced" after the effective date, and courts apply a pre-

---

[3] *See Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 689 (9th Cir. 2005); *Natale v. Pfizer, Inc.*, 424 F.3d 43, 44 (1st Cir. 2005); *Plubell v. Merck & Co.*, 434 F.3d 1070, 1071-72 (8th Cir. 2006); *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090 (10th Cir. 2005); *Knudsen v. Liberty Mut. Ins. Co.* ("*Knudsen I*"), 411 F.3d 805 (7th Cir. 2005).

[4] *Pace v. DiGuglielmo*, 544 U.S. 408 (2005) (looking to state law to determine when a pleading has been "properly filed" for purposes of a federal time limit). *See also Herb v. Pitcairn*, 324 U.S. 117, 120 (1945) ("Whether any case is pending in the Illinois courts is a question to be determined by Illinois law"); *Bush*, 425 F.3d at 688 (noting 28 U.S.C. § 1446(b)'s similar reference to "commencement" of a suit and stating that "a federal court must honor state court rules governing commencement of civil actions when an action is first brought in state court and then removed to federal court")
(continued...)

[4] (...continued)
(quoting *Cannon v. Kroger Co.*, 837 F.2d 660, 664 (4th Cir. 1988)).

[5] *See Bush*, 425 F.3d at 688, and cases cited therein.

3

sumption against the retroactivity of a statute absent a plain congressional intent to the contrary, *Landgraf v. USI Film Prods., Inc.*, 511 U.S. 244, 280 (1994), the issue is not whether CAFA should apply to suits "commenced" before February 18, 2005, but whether the addition of a new defendant "commences" a new suit. That is, if under the applicable decisional law, Ineos's addition "commenced" a new suit on April 8, 2005, the removal would not be retroactive, because the suit would be considered "commenced" on or after February 18, 2005.

### B.

Plaintiffs' argument that *Knudsen I* and the other cases cited by defendants are inapposite and provide mere "*dicta*" is also misplaced. Even if the statements are *dicta*, they are persuasive; moreover, the court in *Schillinger* explained that the defendants "correctly observe that in general, 'a defendant added after February 18 could remove because suit against it would have been commenced after the effective date[.]'" *Schillinger*, 425 F.3d at 333 (quoting *Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 749 (7th Cir. 2005)). The *Schillinger* court noted that this principle was inapplicable to the defendant in that case because his addition to the amended complaint was a "scrivener's error." *Id.*

### C.

We agree with the Seventh Circuit that amendments that add a defendant "commence" the civil action as to the added party.[6] We reach this conclusion based on two considerations, of which only the latter has been dis-

---

[6] *See Schorsch*, 417 F.3d at 749 (noting that "a defendant added after February 18 could remove because suit *against it* would have been commenced after the effective date").

cussed by that court.

First, the district court's remark that "there's no specific language in the CAFA legislation itself . . . that would support that position that if a new party was added [post-CAFA to a pre-CAFA case then] CAFA would apply" misses the mark.[7] Precisely because CAFA does not define "commencement" of an action, it is obvious that CAFA is not intended to replace caselaw deciding when a lawsuit is considered "commenced" as to a new defendant.

The caselaw holds that generally "a party brought into court by an amendment, and who has, for the first time, an opportunity to make defense to the action, has a right to treat the proceeding, as to him, as commenced by the process which brings him into court." *United States v. Martinez*, 195 U.S. 469, 473 (1904) ((citing *Miller v. M'Intyre*, 31 U.S. 61

---

[7] Further, as explained in *Werner v. KPMG LLP*, 2006 WL 295394 (S.D. Tex. Feb. 7, 2006), which undertook an exhaustive analysis of the caselaw on this issue, "most courts examining post-CAFA pleading amendments in a suit pending pre-CAFA recognize that such amendments can commence a 'new' lawsuit and create federal removal jurisdiction. Moreover, the court in *Weekley v. Guidant Corp.*, 392 F. Supp. 2d 1066 (E.D. Ark. 2005), which held, like the district court in the instant case, that a class action is "commenced" only once, when the original complaint is filed, has been rejected by implication by the circuit court from that jurisdiction. In *Plubell v. Merck & Co.*, 434 F.3d 1070 (8th Cir. 2006), the court adopted the reasoning employed by the Seventh Circuit and examined whether the amended pleading related back to the filing of the original complaint. Some authorities (none at the circuit level) support plaintiffs' position. *E.g.*, *Robb v. Stericycle, Inc.*, 2005 WL 2304475 (W.D. La. Aug. 19, 2005).

4

(1832)). As the *Miller* Court explained, this is because it "would be a novel and unjust principle to make the defendants responsible for a proceeding of which they had no notice." *Miller*, 31 U.S. at 64.[8] Therefore, if a defendant was added post-CAFA, the suit commences post-CAFA as to him.

Second, we agree with the *Knudsen I* court that the addition of a new defendant "opens a new window of removal" under 1446(b).[9] Section 1446(b) indicates that a case that was previously non-removable can become removable when a new party is added. As explained in WRIGHT, MILLER & COOPER, *supra*, § 3732 at 311-48, § 1446(b) "supplements the thirty-day removal period described in the first paragraph of the provision," which covers only the period for effecting removal to federal court following the "receipt or filing" of the initial pleading.

That is, if an original complaint is not amended, removal must be determined based only on the law and facts as to removability at the time of filing or receipt of the initial pleading under § 1446(b) ¶ 1. If the complaint is amended, however, § 1446(b) ¶ 2 provides that the new defendant has a new window to remove as of the date of receipt of service of the amended complaint:

> [I]f the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b). Therefore, as to the new defendant, removability is determined as of the date of receipt of service of the amended complaint, not as of the date on which the original suit was filed in state court.

Furthermore, under CAFA a new defendant may remove regardless of whether it was added more than one year after the original complaint was filed in state court. Therefore, the district court incorrectly pointed out that the addition of a new party does not commence a new suit because (as the district court improperly reasoned) Congress "give[s] you a specific time period within which you must remove or forever lose your right to remove without regard to if you happen to add a partySSif the plaintiff decides to add a party a year and a half from now, your time period doesn't run again."

Instead, a new defendant can remove even if the plaintiff decided to add it more than one year after the initial suit. Therefore, there is no indication that the time when the initial suit was filed has any relevance as to when an action "commences" under CAFA for an amendment adding a new defendant. Rather, the correct approach is that used in *Adams, Martinez*, and *Miller*, which, because of concerns regarding notice and limitations, looked at commencement as to a new defendant as of the date of service of the amended pleading (or receipt of that pleading under 1446(b)).

---

[8] *See also Adams v. Fed. Materials Co.*, No. 5:05-CV-90-R, 2005 WL 1862378 (W.D. Ky. July 28, 2005) (relying on, *inter alia*, *Martinez* and *Miller* to hold that adding a defendant after CAFA's effective date allows that defendant to remove, because the civil action has newly commenced as to it).

[9] *Knudsen I*, 411 F.3d at 807 (citing 28 U.S.C. § 1446(b) and CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, 14C FEDERAL PRACTICE AND PROCEDURE § 3732, at 311-48 (3d ed.1998)).

Thus, although "an amendment of the complaint will not revive the period for removal if a state court case previously was removable but the defendant failed to exercise his right to do so," a different result generally is reached if the pleading amendment provides (1) a "new basis for removal" or (2) "changes the character of the litigation so as to make it substantially a new suit." 14C WRIGHT, MILLER & COOPER, *supra*, § 3732 at 311-48.[10]

Ineos's addition "changes the character of the litigation so as to make it substantially a new suit," because as we explained, the addition of the new defendant commences the lawsuit as to it. This permits removal even absent any discussion of "relation back," provided, of course, that the defendant is indeed a "new" defendant.[11]

This distinction for new defendants, as opposed to new claims, is a distinction without a difference, because the same result is reached as though the relation back test were used: Under federal law, adding a new defendant generally

---

[10] An amendment provides a "new basis" for removal where, in a previously non-removable case, the only non-diverse defendant is dismissed, or where the amount in controversy is increased so as to exceed the diversity jurisdictional threshold. In contrast, the "substantially new suit" analysis looks to whether the amendment of a previously removable suit makes it a substantially new suit so as to restart the removal window.

[11] *Knudsen I* and the other Seventh Circuit cases do not employ any relation-back analysis with respect to the addition of a new defendant. *See, e.g., Knudsen I*, 411 F.3d at 808 ("If in the future Liberty Mutual Fire Insurance Company should be added as a defendant, it could enjoy a right to remove under the 2005 Act, for suit *against it* would have been commenced after February 18, 2005.")

does not relate back to the filing of the original complaint unless Federal Rule of Civil Procedure 15(c)(3) applies.[12] Also, under

---

[12] *Werner*, 2006 WL 295394, at \*10 & n.14. In its text, rule 15(c)(3) appears to refer only to the changing or substitution of defendants, not to the addition of new defendants without any substitution of the old ones. The Advisory Committee Notes make plain, however, that a case involving misnomer of a defendant is an exception to the more general rule that the addition of a new defendant commences a new proceeding:

> Relation back is intimately connected with the policy of the statute of limitations. The policy of the statute limiting the time for suit against the Secretary of HEW would not have been offended by allowing relation back in the situations described above. For the government was put on notice of the claim within the stated periodSSin the particular instances, by means of the initial delivery of process to a responsible government official (see Rule 4(d)(4) and (5)). In these circumstances, characterization of the amendment as a new proceeding is not responsive to the realty [*sic*], but is merely question-begging; and to deny relation back is to defeat unjustly the claimant's opportunity to prove his case.

Advisory Committee Notes to FED. R. CIV. P. 15.

Furthermore, because as the Notes make plain, relation back is intimately connected with the statute of limitations, it is apparent that the addition of a new defendant suffers from the same notice/limitations problems as does the substitution of a defendant. Therefore, only the addition of a defendant that satisfies the notice criteria in rule 15(c)(3) relates back to the original complaint. *See also Godfrey v. E. Gas & Fuel Assocs*, 71 F. Supp. 175 (D. Mass. 1947) ("However, if the effect of the amendment was to bring into the case a new party defendant that was not served with a

(continued...)

Louisiana law the addition of a new defendant does not relate back to the original complaint unless a misnomer situation as described in rule 15(c)(3) applies.[13]

Although plaintiffs argue that Ineos's addition related back to the original complaint because it arose out of the same transaction or occurrence, this assertion is, at best, careless. Even if the "misnomer" exception described in *Ray*, 434 So. 2d at 1087 (or the identical rule 15(c)(3)) were to apply, plaintiffs discussed only the same-transaction-or-occurrence prong for relation back.[14] Both federal and Louisiana

---

[12](...continued)
summons or complained against in the original action, the amendment will not relate back to the time of the original complaint . . . ."); *Royal Worcester Corset v. White*, 40 F. Supp. 267 (D. Mass. 1941) (same); *Williams v. Pa. R.R.,* 91 F. Supp. 652 (D. Del. 1950) ("If the amendment is granted and its effect is merely to correct a misnomer, there is no doubt that the amendment would relate back in time to the date of the original complaint. But if its effect is to make a new party to the suit, the amendment would not relate back . . . ."); *Messelt v. Sec. Storage Co.*, 14 F.R.D. 507 (D.C. Del. 1953); *Schram v. Poole*, 97 F.2d 566 (9th Cir. 1938); *Davis v. L.L. Cohen & Co.*, 268 U.S. 638 (1925); *United States v. Martinez*, 195 U.S. 469, 473 (1904) (explaining that the general rule for statute of limitations purposes is that "a party brought into court by an amendment, and who has, for the first time, an opportunity to make defense to the action, has a right to treat the proceeding, as to him, as commenced by the process which brings him into court"). Rule 15(c)(3) allows relation back of a change of a party only where (i) "the claim or defense asserted in the amended pleading arose out of conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading;" (ii) the party to be brought in "has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits;" (iii) the party to be brought in "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party;" and (iv) the requirements in (ii) and (iii) were met within the applicable statutory limitations period.

[13] *See Ray v. Alexandria Mall*, 434 So. 2d 1083, 1087 (La. 1983) (noting that Louisiana procedural law with respect to relation back is modeled after

(continued...)

[13](...continued)
the federal rule and that relation back does not "apply where the amendment seeks to add new and unrelated defendants, since this would be tantamount to assertion of a new cause of action"). Louisiana law nonetheless allows relation back for a misnomer case, under the same circumstances as those under rule 15(c)(3):

(1) The amended claim must arise out of the same transaction or occurrence set forth in the original petition; (2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits; (3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him; (4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.

*Id.*

[14] It is less certain whether state law provides the applicable rules for the relation back analysis. *Compare Schillinger,* 425 F.3d at 335 (noting that CAFA may make state rules about statutes of limitation irrelevant to the type of commencement that is necessary for federal removal and expressly deferring resolution of the issue) *with Schorsch*, 417

(continued...)

procedural law also require, among other things, that the new defendant "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."[15]

There is no indication that Ineos had that knowledge. Accordingly, the addition of Ineos does not relate back to the original complaint, because Ineos was an additional defendant, not a misnamed defendant.[16]

### D.

We reject plaintiffs' contention that Ineos's dismissal after removal ousted the district court of subject matter jurisdiction. Under Louisiana law, the Braud plaintiffs commenced their suit against Ineos several months after the effective date of CAFA. Because the amended pleading satisfied CAFA's jurisdictional provisions, at

---

[14](...continued)
F.3d at 749 (holding that relation back with respect to the addition of a new claim is to be decided under state law). The result in this case is the same under either of those opinions, however.

[15] The four-prong federal and Louisiana tests for relation back are identical. *See supra* notes 11 and 12.

[16] This conclusion is limited to the addition of new defendants. We do not decide when or whether the addition of new claims to a pre-CAFA case provides a new removal window. *See Knudsen v. Liberty Mut. Ins. Co.* ("*Knudsen II*"), 435 F.3d 755 (7th Cir. 2006) (holding that the post-CAFA change in claims amounted to a substantially new suit and that there was no relation back because the old pleading did not furnish defendants with notice that plaintiffs contested any decision made by its associates/subsidiaries, which used a different adjustment system).

that point the federal court had jurisdiction under 28 U.S.C. § 1332, as amended by CAFA. We agree with the court in *Dinkel v. General Motors Corp.*, 400 F. Supp. 2d 289, 294 (D. Me. 2005), that it is the "action," not claims against particular defendants, that is removable, so the subsequent dismissal of the removing defendant cannot render the entire lawsuit improperly removed.

The language of CAFA is plain that any single defendant can remove (without the consent of other defendants) the entire class action (not merely the claims against that defendant): "A class action may be removed to a district court of the United States . . . without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b). Further, as the Senate Report on CAFA notes,

> The law is clear that, once a federal court properly has jurisdiction over a case removed to federal court, subsequent events generally cannot "oust" the federal court of jurisdiction. While plaintiffs undoubtedly possess some power to seek to avoid federal jurisdiction by defining a proposed class in particular ways, they lose that power once a defendant has properly removed a class action to federal court.

*Id.* (citing Judiciary Committee Report on Class Action Fairness Act, S. Rep. No. 109-14 (1st Sess. 2005), reprinted in 2005 U.S.C.C.A.N. 3, 2005 WL 627977, at *43).

A federal court nonetheless may properly remand if the amendment dismissing the removing defendant was made for legitimate purposes, provided, of course, that CAFA's

8

minimal diversity requirement is not satisfied after the dismissal of the removing defendant. As the *Schillinger* court explained,

> When a plaintiff amends his complaint after removal in a way that destroys diversity, a district court must consider the reasons behind the amendment in determining whether remand is proper. If the plaintiff amended simply to destroy diversity, the district court should not remand. *See* 14B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE (1998 and Supp.), § 3723, at p. 591 (citing district court cases). But an amendment that is made for legitimate purposes may be a proper ground for a remand to state court.

*Schillinger*, 425 F.3d at 334. Absent the proffer of any reason for Ineos's dismissal, it appears that its dismissal was intended solely to destroy diversity, so there is no justification for remand. Dismissal is inappropriate for the further reason that there is still minimal diversitySSthe plaintiffs are citizens of Louisiana, and Transport is a foreign corporation authorized to do business in Louisiana.[17]

The remand order of the district court is REVERSED, and this matter is REMANDED to the district court for further proceedings. The mandate shall issue forthwith.

---

[17] The Braud plaintiffs argued before the district court that the exception to CAFA in 28 U.S.C. § 1332(d)(4)(A) applies. Because they do not raise this argument in their briefs on appeal, it is waived.

9