United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 15, 2007**

**Charles R. Fulbruge III
Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 06-30756
Summary Calendar
_____

STACEY W. BRACKENS,

Plaintiff - Appellant,

versus

LILLIA MAY LEWIS BRACKENS,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:05-CV-1079

_____

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Stacey W. Brackens ("Stacey") filed suit against his stepmother, Lillia May Lewis Brackens ("Lillia"), alleging that she had conspired with her lawyer to fraudulently deprive him of his inheritance from his father's estate and that in so doing, she had discriminated against him in violation of the Americans with Disabilities Act ("ADA"). The district court found that Stacey had raised no genuine issue of material fact as to the ADA claim, and granted summary judgment in favor of Lillia. The district

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court dismissed Stacey's remaining claims without prejudice, finding that diversity jurisdiction was lacking as to those claims, and declining to exercise supplemental jurisdiction.

On appeal, Stacey again raises the ADA as a basis for this court's jurisdiction, but fails to discuss this claim in his brief on appeal. This claim is therefore waived. See Braud v. Transp. Serv. Co. of Ill., 445 F.3d 801, 809 n. 17 (5th Cir. 2006); United Paperworkers Int'l Union AFL-CIO, CLC v. Champion Int'l Corp., 908 F.2d 1252, 1255 (5th Cir. 1990).

Stacey also argues that the district court erred in dismissing the remainder of his claims based on diversity of citizenship for lack of subject matter jurisdiction.[**] Section 1332(a) provides, in relevant part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs ...." 28 U.S.C. § 1332(a). In his complaint, Stacey requested $300,000 in property and monies owed, and $250,000 in punitive damages. After reviewing the terms of Stacey's father's will, the district court determined that the net value of the estate was $55,722.29, a valuation supported by two appraisals of the disputed property. This valuation was not contested by Stacey, who provided no evidence in opposing Lillia's Motion for Summary Judgment to support his contention that he is owed $300,000 from

---

[**] The complete diversity of the parties was not disputed.

his father's estate.  The district court thus concluded that Stacey's share of the estate could not, under any conditions, meet the required jurisdictional amount.  After careful review of the record, we agree.

The thorough and well-reasoned judgment of the district court is therefore

AFFIRMED.