[PUBLISH]



FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

AUG 3 0 2006

THOMAS K. KAHN
CLERK

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 06-90016-D

D.C. Docket No. 05-00300-CV-2-MHT

TMESYS, INC.,

Petitioner,

versus

EUFAULA DRUGS, INC.,

Respondent.

Appeal from the United States District Court
for the Middle District of Alabama

Before BIRCH, CARNES and HULL, Circuit Judges.

BY THE COURT:

Tmesys, Inc. ("Tmesys") petitions for permission to appeal a district court

decision remanding to Alabama state court the case filed against it by respondent,

Eufaula Drugs, Inc. ("Eufaula Drugs"). Although we entertain the petition for the limited purpose of clarifying certain law for our circuit with regard to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1453(c)(1), the petition is DENIED.

## I. BACKGROUND

Eufaula Drugs filed a complaint in the Barbour County, Alabama, Circuit Court clerk's office on 14 February 2005. Summons were not issued until 28 February 2005. Tmesys removed the case to federal court pursuant to CAFA, and Eufaula Drugs moved to remand. The district court found that "[w]hen Eufaula Drugs filed its complaint on February 14, 2005, it had the specific intent that the complaint be served on that day." Eufaula Drugs, Inc. v Tmesys, Inc., 432 F. Supp. 2d 1240, 1249 (M.D. Ala. 2006) (applying Alabama law and citing Ex parte E. Ala. Mental Health-Mental Retardation Bd., Inc., __ So.2d __, 2006 WL 672685 (Ala. March 17, 2006). Accordingly, the court found that, because under Alabama law that meant that the case had commenced prior to CAFA's effective date, 18 February 2005, it lacked subject matter jurisdiction and was required to remand the case to state court. See CAFA, Pub. L. No. 109-2, § 9, 119 Stat. 4, 14 (2005) (setting effective date for CAFA amendments as the date of enactment, 18 February 2005).

2

## II. DISCUSSION

Under 28 U.S.C. § 1447(d) we are generally deprived of appellate jurisdiction over remand orders. As to qualifying cases "commenced" on the day of or after CAFA's enactment, however, CAFA provides us discretionary appellate jurisdiction to review such orders. 28 U.S.C. § 1453(c)(1); § 9, 119 Stat. at 14. Here, we entertain the petition to appeal for the limited purpose of reviewing the threshold issues of first impression in our circuit[1] of (1) whether we have jurisdiction to review an order remanding a case based on a finding that CAFA does not apply and (2) what law controls as to when an action has "commenced" for purposes of CAFA.

As to the first issue, we find that we do have jurisdiction to review a district court's order to remand when that order is based on a determination that CAFA does not apply, at least to the extent of reexamining that jurisdictional issue. See Ecee, Inc. v. Fed. Energy Regulatory Comm'n, 611 F.2d 554, 555 (5th Cir. 1980) ("[W]e always have jurisdiction to determine our jurisdiction."); see also Patterson v. Dean Morris, L.L.P., 448 F.3d 736, 738 (5th Cir. 2006) ("We may review orders of remand for asserted errors in the application of CAFA.").

As to the second issue, the consensus among circuits is that state law

---

[1] The court has already received briefing from all parties on the jurisdictional issue and is ruling only on that threshold issue.

determines when an action is commenced for purposes of CAFA. Braud v. Transport Serv. Co of Ill., 445 F.3d 801, 803 (5th Cir 2006); Plubell v. Merck & Co., Inc., 434 F.3d 1070, 1071 (8th Cir. 2006); Bush v. Cheaptickets, Inc., 425 F.3d 683, 686 (9th Cir. 2005); see also Natale v. Pfizer, 424 F.3d 43, (1st Cir. 2005); Pfizer, Inc. v. Lott, 417 F.3d 725 (7th Cir. 2005). We agree.

## III. CONCLUSION

Accordingly, because the district court's application of Alabama law established that the action was commenced prior to the effective date of the act and it is clear that the district court properly applied Alabama law to the undisputed underlying facts, both the district court and our court are without jurisdiction under CAFA.. Thus, we **DENY** the petition for permission to appeal.