MAY'S DISTRIBUTING
CO. INC., Plaintiff,

v.

TOTAL CONTAINMENT, INC.,
et al., Defendants.

No. 2:06–cv–702–MEF.

United States District Court,
M.D. Alabama,
Northern Division.

Nov. 28, 2007.

Christina Diane Crow, Lynn W. Jinks, III, Jinks Daniel & Crow LLC, L. Cooper Rutland, Jr., Rutland & Braswell, Union Springs, AL, Nicola Thompson Drake Russell J. Drake, Whatley Drake & Kallas, LLC, Birmingham, AL, Wesley L. Laird, Laird Baker & Blackstock PC, Opp, AL, for Plaintiff.

Elliot Britton Monroe, Jennifer McCammon Bedsole, Rachel Ellen VanNortwick, Lloyd, Gray & Whitehead, P.C., John C. DeShazo, Laney & Foster, P.C., Alan Taylor Rogers, Balch & Bingham, Birmingham, AL, Lindsey Marie Glah, William Pelosi, Obermayer Rebmann Maxwell & Hippel LLP, Philadelphia, PA, Ann R. Koppel, Donna M. Borrello, James E. Blazek, Richard B. Eason, II, Adams and Reese LLP, Brent Arnold Talbot, Robert Stephen Rooth, Chaffee McCall Phillips Toler & Sarpy, Charles D. Marshall, III, John F. Olinde, Chaffe McCall LLP, New

**1304**

Orleans, LA, Brian Taggart Mosholder, Carpenter Prater Ingram & Mosholder LLP, Opelika, AL, Joseph Terrace Carpenter, Carpenter Prater Ingram & Mosholder LLP, Paul Anthony Clark, Balch & Bingham, James H. McLemore, Capell Howard PC, Montgomery, AL, Kimberly Wallace Sayoc, Lippes Silverstein Mathias Wexler LLP, Buffalo, NY, Larry Shane Seaborn, Myron C. Penn, Penn & Seaborn LLC, Clayton, AL, John David Whetstone, Adams and Reese LLP, Mobile, AL, Jon Avins, Paul Michael O'Connor, III, Seth Alan Moskowitz, Kasowitz, Benson, Torres & Frieman LLP, New York, NY, Walter B. Calton, Calton & Rutland LLC, Eufaula, AL, James T. Williams, IV, Lynda Motes Hill, Miller & Martin, Chattanooga, TN, Thomas Harold Pinkley, Jr., Miller & Martin LLP, Nashville, TN, Walter Edgar McGowan, Gray Langford Sapp McGowan Gray & Nathanson, Tuskegee, AL, for Defendants.

### MEMORANDUM OPINION AND ORDER

MARK E. FULLER, Chief Judge.

This cause is now before the Court on Plaintiff's Motion to Remand (Doc. # 21). This is the second time that this case has been removed to this Court. On the first attempt at removal, this Court remanded the case to state court. Since that time, however, the Class Action Fairness Act of 2005 ("CAFA") came into effect. Defendants now argue that this Court has subject matter jurisdiction pursuant to CAFA. The Court has thoroughly considered the submissions of the parties in support of and in opposition to the motion. For the reasons set forth in this Memorandum Opinion and Order, the Court finds that CAFA does not provide a basis for subject matter jurisdiction. Therefore, the Motion to Remand is due to be GRANTED.

### I. FACTS AND PROCEDURAL HISTORY

May's Distributing Company, Inc. ("May's Distributing" or "Plaintiff") operates a business that distributes oil and gasoline products and operates convenience stores and retail gasoline stations. May's Distributing operates three gasoline distributing facilities, two of which had installed piping systems distributed by Total Containment, Inc. ("TCI"). The Montgomery gas station's piping system was installed in 1997, and the Union Springs piping system was installed in 1994 and upgraded in 1997. May's Distributing alleges that the TCI pipe was designed, manufactured, marketed, sold, and distributed as a product that safely retains fuel using a pipe within a pipe system for added protection. May's Distributing further alleges that in September of 2002, it learned that the TCI pipe was defective and that, as a result of either that product defect or alleged defective installation, it was damaged. The Montgomery station experienced a number of serious gasoline leaks, allegedly due to the defective design and/or manufacture of the piping system. Dayco Products, Inc. ("Dayco") manufactured hoses for TCI, which TCI used in the piping systems it distributed, from 1990 until 1997. Dayco did not manufacture the hoses that were used in the system installed in the Montgomery station, which burst.

On January 3, 2003, May's Distributing filed suit in the Circuit Court for Bullock County, Alabama. May's Distributing named TCI and Oil Equipment, Inc. ("Oil Equipment") as defendants. Later, May's Distributing filed Plaintiff's First Amended Complaint which added the following defendants: Dayco; Mark IV Industries, Ltd. ("Mark IV"); Parker Hannifin Corporation ("Parker"); Ticona Polymers, Inc. ("Ticona"); Shell Chemical L.P. ("Shell");

and Cleveland Tubing, Inc. ("Cleveland Tubing"). Subsequently, May's Distributing filed Plaintiff's Second Amended Class Action Complaint which added the following defendants: Atofina Chemicals, Inc. ("Atofina"); Elf Atochem North America, Inc. ("Elf"); and Underwriters Laboratories ("UL").

On March 4, 2004, TCI filed for bankruptcy protection in the United States Bankruptcy Court for the Eastern District of Pennsylvania. On June 1, 2004, Cleveland Tubing removed this case to this Court pursuant to 28 U.S.C. §§ 1334, 1446, and 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure. As grounds for the removal, Cleveland Tubing argued that this Court had jurisdiction over the matter because it was "related to" TCI's bankruptcy.

On July 2, 2004, May's Distributing filed Plaintiff's Motion to Remand. Pursuant to 28 U.S.C. § 157(c)(1), the Court referred Plaintiff's Motion to Remand to a Judge of the United States Bankruptcy Court for the Middle District of Alabama for proposed findings of fact and conclusions of law. On January 21, 2005, Chief United States Bankruptcy Judge William R. Sawyer provided the requested proposed findings of fact and conclusions of law on Plaintiff's Motion to Remand. Specifically, Judge Sawyer recommended that the motion to remand be granted and that the civil action be remanded to the Circuit Court for Bullock County, Alabama. On February 16, 2005, this Court followed the recommendation of Judge Sawyer and remanded the case to state court on two alternative grounds: that there was no subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b) because the case was not "related to" the bankruptcy proceeding, and that, even if subject matter did exist, permissive abstention was appropriate under 28 U.S.C. § 1334(c)(1).

After remand, May's Distributing filed two amendments to the complaint, which also occurred after the effective date of CAFA. In the Third Amended Complaint, filed September 29, 2005, May's Distributing added certain allegations related to UL. In the Fourth Amended Complaint, filed July 13, 2006, May's Distributing added to its statement of facts and consolidated its claims against all defendants into one negligence claim. Defendants Dayco and Mark IV (collectively, "Defendants") filed notice of removal on August 8, 2006. In this second removal, Defendants contend that this Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which became effective on February 18, 2005. May's Distributing filed its Motion to Remand on August 29, 2006.

## II. DISCUSSION

### A. Can An Amended Complaint Commence a New Action Under CAFA?

CAFA broadens diversity jurisdiction in federal courts for certain class actions. However, by its own terms CAFA is not retroactive and only applies to "any civil action commenced on or after" February 18, 2005. CAFA, Pub.L. 109–2, § 9 (2005). The purpose of CAFA is to provide more equitable treatment of class actions by broadening federal diversity jurisdiction over class actions with interstate implications. CAFA gives federal courts subject matter jurisdiction over class actions meeting the following criteria: the number of plaintiffs exceeds one hundred; any one member of the plaintiff class is diverse from any one defendant; the aggregate of the plaintiffs' claims exceeds $5,000,000. *See* 28 U.S.C. § 1332(d). However, CAFA expressly provides that it is only to be applied to "any civil action commenced on or after [February 18, 2005]." CAFA, Pub.L. 109–2, § 9, 28 U.S.C. § 1332 note.

The parties do not dispute that this case meets the jurisdictional requirements enumerated in § 1332(d). The only issue presented is whether this action "commenced" after February 18, 2005, the effective date of CAFA.

Defendants argue that Fourth Amended Complaint was such a dramatic change from the prior complaints, that it constituted a new claim against them. Therefore, for the purposes of CAFA, the current action "commenced" when the Fourth Amended Complaint was filed on July 13, 2006—well after the effective date of CAFA. May's Distributing disputes Defendants' interpretation of the original complaint and argues that the Fourth Amended Complaint is not a new claim.

The Eleventh Circuit has only substantively addressed the requirements of CAFA a handful of times, and there is no clearly enunciated precedent on this issue. In *Tmesys, Inc. v. Eufaula Drugs, Inc.*, 462 F.3d 1317, 1318 (11th Cir.2006), the plaintiff filed its complaint before CAFA's effective date, but did not provide the summons, the certified mail card, or pay the postage until after CAFA's effective date. *Eufaula Drugs, Inc. v. Tmesys, Inc.*, 432 F.Supp.2d 1240, 1246 (M.D.Ala.2006) (Thompson, J.). The district court looked to Alabama state law and determined that under those circumstances the action had commenced on the date of filing, which meant that CAFA did not apply. *Id.* at 1244–50. On appeal, the Circuit affirmed the district court's ruling and held that state law determines when an action is commenced for purposes of CAFA. *Tmesys*, 462 F.3d at 1318. The Circuit did not address in *Tmesys* whether an amendment to a complaint could constitute a recommencement of an action under state law.

The Circuit's latest and most extensive opinion addressing CAFA was *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir.2007). In *Lowery,* the plaintiffs filed their claim in Alabama state court prior to the effective date of CAFA. *Id.* at 1188. However, the plaintiffs amended their complaint *after* CAFA to add two defendants. *Id.* One of these defendants, Alabama Power, filed a notice of removal in the Northern District of Alabama pursuant to CAFA. *Id.* The plaintiffs responded with a motion to remand asserting that the district court lacked jurisdiction because Alabama Power had failed to meet its burden of proof regarding the amount in controversy, and that the action fell within the "local controversy" exception to jurisdiction under 28 U.S.C. § 1332(d)(4). *Id.* at 1189. Plaintiffs conceded that CAFA applied to Alabama Power, but argued that their claims against the pre-CAFA defendants had to remain in state court. *Id.* at 1195 & n. 28. The Circuit disagreed and held that a valid removal by one defendant under CAFA removes the entire action to federal court, even defendants to whom CAFA otherwise would not apply. *Id.* at 1196. Unfortunately, because the issue was conceded by the plaintiffs, the Circuit did not address the issue presently before this Court: whether an amendment to a complaint can commence a new action for the purposes of CAFA. On that question, the only instruction offered by the Circuit was:

> Courts have separately considered whether an action "commences" as to a newly added defendant—thus making CAFA applicable to that defendant— when a plaintiff amends its pre-CAFA complaint to add the defendant after the Act's effective date. That question is determined by reference to state law, but because the parties here do not dispute the applicability of CAFA to Alabama Power, we need not consider it.

*Id.* at 1195 n. 28 (internal citations omitted). Given the fact that subject matter jurisdiction can not be waived, *see, e.g., United States v. Machado*, 465 F.3d 1301,

1306 (11th Cir.2006) ("[D]efects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court."), the Circuit's failure to remand on that issue would itself be instructive were it not for the fact that the Circuit ultimately did remand the case back to state court on a different issue. *Lowery,* 483 F.3d at 1221.

While the Eleventh Circuit has yet to squarely address this question, it has been addressed by other circuits. In the majority approach, an amendment to a complaint does not commence a new action for CAFA purposes if the amended complaint "relates back" to the original complaint under state law. *See Braud v. Trans. Serv. Co.,* 445 F.3d 801, 806 (5th Cir.2006); *Plubell v. Merck & Co.,* 434 F.3d 1070, 1071 (8th Cir.2006) *Santamarina v. Sears, Roebuck & Co.,* 466 F.3d 570, 573 (7th Cir.2006); *Prime Care of Ne. Kan. v. Humana Ins. Co.,* 447 F.3d 1284, 1289 (10th Cir.2006). The minority approach, which has only been adopted by the Ninth Circuit, is a *per se* rule that an action commences for the purpose of determining the applicability of CAFA when the original complaint was filed, without regard to later amendments. *See McAtee v. Capital One,* 479 F.3d 1143, 1148 (9th Cir.2007).

■ Most of the district courts within this circuit addressing this issue have followed the majority approach. *See, e.g., Waldman v. Cingular Wireless,* 2007 WL 1970858, at *3 (S.D.Fla. July 3, 2007) (applying relation back principles); *Eufaula Drugs, Inc. v. Scripsolutions,* 2005 WL 2465746, at *2 (M.D.Ala. Oct.6, 2005) (same). This Court agrees with the majority approach and will look to the law of the State of Alabama to determine whether the Fourth Amended Complaint relates back to the original complaint.

## B. Does the Fourth Amended Complaint Relate Back?

Under Alabama law, an amendment of a pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Ala. R. Civ. P. 15(c); *Ex parte Johnston–Tombigbee Furniture Mfg. Co.,* 937 So.2d 1035, 1045–46 (Ala.2005).

In this case, Defendants argue that the Fourth Amended Complaint is essentially a brand new case against them based on an entirely different transaction or occurrence. Defendants allege that the original complaint was a suit relating to one particular type of hose installed in the Montgomery gas station. *See* Def. Opp. to Pl.'s Mot. to Remand at 11–12 ("The Third Amended Complaint contains four paragraphs of factual allegations relating to a specific product located in a specific place at a specific time."). Defendants point out that they did not manufacture the hoses for that system because Dayco had stopped manufacturing hoses for TCI in 1997. Defendants further argue that the amended complaint alleges defects in every type of hose Defendants designed or manufactured between 1990 and 1997, none of which were installed in the Montgomery gas station. For these reasons, the Defendants argue that the amended complaint is a new claim that can not relate back to the original complaint.

The original complaint alleges that "TCI flexible pipe," the pipe manufactured, sold, and distributed by TCI, was defective; that Defendants designed, sold, and manufactured component parts of the "TCI flexible pipe," and that Defendants negligently, recklessly, and/or wantonly designed, manufactured, and/or marketed a defective product. Nowhere does the original com-

plaint limit its claims to one particular type of pipe. The original complaint does refer to the system installed in the Montgomery gas station in the statement of facts, and states that system was "TCI flexible pipe." However, that does not mean the original claim was limited to the *particular product line* of "TCI flexible pipe" installed at one gas station, and the Defendants point to no language in the original complaint that limits the claim to one product line of pipe.

▮▮▮ Under the Alabama Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim." Ala. R. Civ. P. 8(a). A complaint is therefore sufficient if it provides the defendant with adequate notice of the claims against them. *See Ex parte Int'l Refining & Mfg. Co.,* 972 So.2d 784, 2007 WL 1378331, at *3 (Ala. May 11, 2007). The original complaint gave Defendants adequate notice that May's Distributing's claim arose from their design, manufacture, and/or marketing of "TCI flexible pipe." The Fourth Amended Compliant alleges that "TCI flex pipe was designed, manufactured, tested, inspected and certified" in a negligent manner. Therefore, the Fourth Amended Complaint arises out of the same "conduct, transaction, or occurrence" as the original complaint. While the amended complaint did supplement its statement of facts with additional facts, none of these additional facts were necessary components of new claims added to the complaint. *See Johnston–Tombigbee,* 937 So.2d at 1040–41 (holding that even additional facts integral to new claim do not prevent amended complaint from "relating back" when additional claim arises out of same transaction or occurrence as original complaint). Indeed, far from adding new claims to their complaint, May's Distributing reduced the number of counts from ten in the Third Amended Complaint to only one negligence count in the Fourth Amended Complaint. Accordingly, this Court finds that the amended complaint relates back to the original complaint under Alabama law. Consequently, the amended complaint did not "commence" a new action, and CAFA does not provide a basis for subject matter jurisdiction in this Court. Based on these findings, May's Distributing's Motion to Remand will be granted.

### III. CONCLUSION

For the reasons set forth above, it is hereby ORDERED that:

(1) Plaintiff's Motion to Remand (Doc. # 21) is GRANTED;

(2) This case is REMANDED to the Circuit Court for Bullock County, Alabama;

(3) Any other pending motions are left for resolution by the Circuit Court for Bullock County, Alabama; and

(4) The Clerk is DIRECTED to take appropriate steps to promptly effect the remand.