# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 15-31091

—————

United States Court of Appeals
Fifth Circuit

**FILED**

February 16, 2016

Lyle W. Cayce
Clerk

EARL A. ADAMS, JR.; ALFRED ALEXANDER; JENELL ANTOINE; PAUL J. ARMAND; ALICIA AUGUSTE,

        Plaintiffs - Appellees

v.

JOSEPH F. GREFER,

        Defendant - Appellant

CHEVRON USA, INCORPORATED; CERTAIN UNDERWRITERS AT LLOYDS LONDON; BISHOPSGATE INSURANCE LIMITED; CORNHILL INSURANCE, P.L.C.; HANSA MARINE INSURANCE COMPANY U. K. LIMITED; MINISTER INSURANCE COMPANY, LIMITED; NORTHERN ASSURANCE COMPANY, LIMITED; OCEAN MARINE INSURANCE COMPANY LIMITED; SIRIUS INSURANCE COMPANY UK LIMITED; SKANDIA UK INSURANCE, P.L.C.; SPHERE DRAKE INSURANCE COMPANY UK LIMITED; TERRA NOVA INSURANCE COMPANY, LIMITED; VESTA UK INSURANCE COMPANY LIMITED; YASUDA FIRE ; MARINE INSURANCE COMPANY OF EUROPE LIMITED; ZURICH RE UK LIMITED; OILFIELD TESTERS, INCORPORATED; RIVERSTONE INSURANCE UK LIMITED, formerly known as Sphere Drake Insurance, P.L.C.; ALLIANZ INTERNATIONAL INSURANCE COMPANY LIMITED; YORKSHIRE INSURANCE COMPANY LIMITED; EXXON MOBIL CORPORATION; SEXTON OIL ; MINERAL CORPORATION; INTRACOASTAL TUBULAR SERVICES, INCORPORATED; ALPHA TECHNICAL SERVICES, INCORPORATED; OFS, INCORPORATED; BP EXPLORATION ; OIL, INCORPORATED; BP AMERICA PRODUCTION COMPANY, formerly known as Amoco Production Company; BP EXPLORATION ; PRODUCTION, INCORPORATED; ATLANTIC RICHFIELD COMPANY; CONOCOPHILLIPS COMPANY; ANADARKO U.S. OFFSHORE CORPORATION, formerly known as Kerr-McGee Oil and Gas Corporation; MOBIL EXPLORATION AND PRODUCING US, INCORPORATED; RATHBORNE COMPANIES, L.L.C.; RATHBORNE

No. 15-31091

LAND COMPANY, L.L.C.; RATHBORNE PROPERTIES, L.L.C.; TUBULAR CORPORATION; JOHN GANDY, INCORPORATED; ARCO OIL ; GAS COMPANY; L B FOSTER COMPANY; 51 OIL COMPANY; SHELL OFFSHORE, INCORPORATED; SHELL OIL COMPANY; SWEPI, L.P.; TEXACO, INCORPORATED; MARATHON OIL COMPANY; TRANSCO EXPLORATION COMPANY, as successor of Exchange Oil ; Gas Corporation,

   Defendants - Appellees

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-4360

---

Before CLEMENT, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

  In 2002, the plaintiffs filed a mass action suit against the defendants in Louisiana state court. The suit alleged personal injury and property damage from contamination exposure. The plaintiffs filed amended and supplemental petitions in January 2004, January 2015, and August 2015. After the August 2015 amendment (hereinafter the "last amended petition"), defendant-appellant Joseph F. Grefer removed the case to the Eastern District of Louisiana under the Class Action Fairness Act of 2005 ("CAFA").[1] Grefer argued that the last amended petition added new plaintiffs and claims under Louisiana law, thereby commencing a new action and opening a new window

---

 * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

 [1] CAFA, as codified by 28 U.S.C. § 1332(d), created a new basis for federal subject matter jurisdiction over qualifying civil actions. CAFA applies only to actions commenced on or after February 18, 2005. *Braud v. Transp. Serv. Co. of Ill.*, 445 F.3d 801, 803 (5th Cir. 2006).

No. 15-31091

of removal under CAFA. The plaintiffs moved for remand, and the district court granted the motion. We then granted the defendant's motion to appeal the remand order. Because we find that the last amended pleading did not add any new claims, we affirm.

I.

This court reviews a district court's remand order de novo. *Rainbow Gun Club, Inc. v. Denbury Onshore, LLC*, 760 F.3d 405, 408 (5th Cir. 2014).

II.

Here, Grefer contends that the last amended petition added hundreds of new plaintiffs and claims. Based on the plain language of the petition, we disagree. Section 2 of the last amended petition states that "[p]ursuant to La. Civil Code art. 2315.1, La. Civil Code art. 2315.2, and/or La. Code of Civil Procedure art. 4061 et. seq., in addition to all other statutory authority relevant hereto, the below-named parties hereby *substitute* themselves for the named plaintiffs, listed below[.]" (emphasis added). Grefer highlights this section's citation to article 2315.2—Louisiana's wrongful death statute—as the basis for his argument that there are now hundreds of new plaintiffs and claims.[2]

Grefer's reliance on this single citation to article 2315.2 ignores everything that follows in the remainder of the amended petition. Virtually every subsequent paragraph takes the following form: "The estate of A [an original plaintiff] is represented by the following heirs: B, C, and D."[3] In fact,

---

[2] In Louisiana, "[t]he wrongful death action does not arise until the victim dies. . . . [It] is intended to compensate the beneficiaries for compensable injuries suffered from the moment of death and thereafter." *Guidry v. Theriot*, 377 So. 2d 319, 322 (La. 1979), *repudiated on other grounds by Louviere v. Shell Oil Co.*, 440 So. 2d 93, 97 (La. 1983). Thus, the plaintiffs in a wrongful death action do not represent the decedent by substitution but bring the action in their own right for recovery of damages.

[3] Of the 180 paragraphs in section 3 of the amended pleading, 173 take this form. Grefer's factual assertion that the amended complaint added new wrongful death claims is

No. 15-31091

none of the paragraphs alleges any facts whatsoever suggesting that a new plaintiff is bringing a wrongful death claim. Rather, each paragraph simply establishes which heirs will be representing the estates of which deceased original plaintiffs. And the mere substitution of deceased plaintiffs by their heirs does not commence a new action for purposes of CAFA. *See Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 274 (5th Cir. 2009).

### III.

We do not address the hypothetical question of whether a properly alleged wrongful death claim would commence a new action under CAFA. Because no new claims have been alleged here, we need only apply our well-established default rule under Louisiana law: "[A]bsent special circumstances, a suit is commenced only at the time the original petition is filed in a court of competent jurisdiction." *Abshire*, 574 F.3d at 273. AFFIRMED.

---

based on these 173. Of the remaining seven paragraphs: one indicates that a plaintiff is no longer a minor and thus is no longer represented by a legal guardian; five indicate that a plaintiff previously listed as deceased is actually alive; and one indicates that an individual was previously incorrectly listed as a plaintiff when his wife was the actual plaintiff.