**Petition for Writ of Mandamus Denied and Memorandum Opinion Issued July 3, 2025.**



In The

# Fifteenth Court of Appeals

———————

## NO. 15-25-00025-CV

———————

## IN RE KIMCO DEVELOPERS, INC., KD HOUSTON 1086A, INC., KIMCO REALTY SERVICES, INC., AND KIMCO REALTY CORPORATION, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**Business Court Division 11A**
**Harris County, Texas**
**Trial Court Cause No. 24-BC11A-0013**

---

## MEMORANDUM OPINION

When the Legislature created the new Business Court, it stated that the "changes in law made by this Act apply to civil actions *commenced* on or after September 1, 2024."[1] In a previous original proceeding challenging a Business Court order remanding a case to district court, we explained that a civil action that was originally filed in district court in 2017 was "commenced" then, not when it was

---

[1] Act of May 25, 2023, 88th Leg., R.S., ch. 380, § 8 (emphasis added).

removed to the Business Court seven years later in September 2024, since removal "does not 'commence' a new civil action but simply transfers an existing one."[2]

In this dispute over the interpretation of a limited partnership agreement, Real Party in Interest Cypress Towne Center, Ltd. filed the underlying lawsuit in Harris County district court in June 2022 against a general and a limited partner. Over two years later, on September 20, 2024, Cypress filed its third-amended petition adding Relator Kimco Realty Corporation, a publicly traded company, arguing it is liable for its related companies' conduct on theories of vicarious liability, alter ego, and conspiracy. Relators then removed the case to the Business Court, which ordered the case to be remanded back to district court. Relators now seek mandamus relief from that order.

The facts here would seem to be on all fours with those in *In re ETC Field Services, LLC*, 707 S.W.3d 924 (Tex. App.—15th Dist. 2025, orig. proceeding). But Relators argue that this case is different due to "the impact of a publicly traded company becoming a party to a pending action after September 1, 2024." Under the Government Code, "The business court has civil jurisdiction concurrent with district courts *in an action described by Subsection (b)* regardless of the amount in controversy *if a party to the action is a publicly traded company*."[3] Relators contend that both italicized parts are satisfied here because "[e]very dispute in this action falls within the categories enumerated in Subsection (b)" and "[f]or the first time on [September 20, 2024], a publicly traded company became 'a party to the action' …, thereby giving the Business Court jurisdiction over the 'action.'" And looping in our holding in *ETC*, Relators argue that "Cypress commenced its suit against a publicly traded company for the first time after September 1, 2024." All

---

[2]     *In re ETC Field Servs.*, LLC, 707 S.W.3d 924, 925–27 (Tex. App.—15th Dist. 2025, orig. proceeding).

[3]     TEX. GOV'T CODE § 25A.004(c) (emphasis added).

things considered, Relators argue that while "a *removal* does not commence a new civil action," "filing an amended petition after September 1, 2024, that adds a publicly-traded party and asserts new claims, bringing the entire action under the business court's jurisdiction," does. This cannot be squared with our decision in *ETC*.

As we explained in *ETC*, by using "commenced" only once in the effective date clause and "filed" over a dozen times in other parts of Chapter 25A, the Legislature meant to distinguish a civil action's original filing from later filings in both the trial courts and the Business Court.[4] An amended petition by definition supersedes a previous filing, even when it adds a new defendant, including a publicly traded company, and so it cannot commence a civil action because one has already been commenced. Just as the action in *ETC* was commenced when originally filed in district court in 2017, the action here was commenced in 2022 when Cypress first filed suit in district court.[5]

Nor does the text permit the same civil action to commence multiple times on a per-party basis. If the Legislature had intended a civil action to *re*-commence upon the filing of an amended petition that adds a new party, or to provide for a "party-specific right" as Cypress puts it, then it could have written the statute to provide so, as it did with the Healthcare Liability Act, referenced by Relators.[6] But it did not.

---

[4]     707 S.W.3d at 926–27.

[5]     *See S&P Consulting Eng'rs, PLLC v. Baker*, 334 S.W.3d 390, 398 (Tex. App.—Austin 2011, no pet.) (holding that "for purposes of the effective date of the 2009 version of [the certificate of merit statute], an action commences when the original petition is filed. For this purpose, the action does not recommence with the filing of an amended petition even if that petition names a new defendant for the first time").

[6]     *See Morris v. Ponce*, 584 S.W.3d 922, 927 (Tex. App.—Houston [14th Dist.] 2019, pet. denied) (holding that "for purposes of Section 74.351(a)," an action commences for each defendant when it is named as a defendant, either in an original petition or an amended one, because Section 74.351 requires plaintiffs to serve an expert report within 120 days of "each defendant's original answer"); *Martinez v. Gonzalez*, No. 13-14-00241-CV, 2015 WL 5626242, at *3–4 (Tex. App.—

The Legislature was well aware of our holding in *ETC*, and of *Morris* and *Martinez*, when it made several amendments to Chapter 25A in the recently concluded 89th Regular Session,[7] but rather than abrogate it, the Legislature created a work-around when everyone is able to agree. With the addition of Section 25A.021, civil actions that were "commenced before September 1, 2024" and that are "within the jurisdiction of the business court" may now be transferred there "on an agreed motion of a party and permission of the business court."[8] So while an agreement and permission will now suffice to get a case commenced before September 2024 into the Business Court, the filing of an amended petition that names a publicly traded company will not.[9]

We deny Relators' petition for writ of mandamus and lift the stay issued on March 28, 2025.

/s/ _____
Scott A. Brister
Chief Justice

Before Chief Justice Brister and Justices Field and Farris.

---

Corpus Christi Sept. 17, 2015, no pet.) (same). Relators' federal authorities are equally distinguishable. *See* 28 U.S.C. § 1446(b)(2)(B) ("*Each defendant* shall have 30 days after receipt by or service on *that defendant* of the initial pleading or summons described in paragraph (1) to file the notice of removal." (emphasis added)); *Braud v. Transp. Serv. Co. of Ill.*, 445 F.3d 801, 805 (5th Cir. 2006) (considering what the "caselaw holds" in determining whether new civil action could be "commenced" on a per-party basis under Class Action Fairness Act).

[7] *See Traxler v. Entergy Gulf States, Inc.*, 376 S.W.3d 742, 748 (Tex. 2012).

[8] Act of June 1, 2025, 89th Leg., R.S., H.B. 40, § 56, sec. 25A.021(a).

[9] In the penultimate section of the Act (House Bill 40), the Legislature once again provided that "the changes in law made by this Act apply only to civil actions commenced on or after September 1, 2024." *Id.* § 72.